# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
_____

UNITED STATES OF AMERICA,

           vs.                          Case No. 24-CR-128 (MAS)

ELIYAHU WEINSTEIN, et al,
                                    **DECLARATION BY SHLOMO EREZ**

        Defendant.
_____

I, SHLOMO EREZ, hereby swear under the penalties of perjury that the following is true:

1. I am an Israeli citizen and a lawyer by training. I am licensed to practice law in Israel. For the last decade or more, I have not practiced law in any significant capacity. Instead, I have been engaged in starting and pursuing a variety of business ventures.

2. In July 2023, along with co-defendants Eliyahu Weinstein, Aryeh Bromberg, Joel Wittels, and Alaa Hattab, I was charged by criminal complaint, 23-MJ-03038, in the District of New Jersey. We were accused of engaging in conspiracies to commit wire fraud and obstruction of justice.

3. I am aware that Eliyahu Weinstein and Aryeh Bromberg were subsequently indicted under Docket number 24-CR-128.

4. I am aware that Mr. Weinstein and Mr. Bromberg have claimed attorney-client privilege with respect to me and any communications between me and them because they have alleged that I served as their attorney.

5. Those allegations are false. I did not serve as an attorney for Mr. Weinstein or Mr. Bromberg. I was involved in business/investment ventures with them.

6. I have reviewed the declarations of Mr. Weinstein and Mr. Bromberg that were filed in support of their privilege claim. Regarding those declarations, I state as follows:

7. I met Mr. Weinstein in March 2021 via WhatsApp, even though at first he represented himself by a different name. We did not meet in person until months later. We were introduced as potential business partners. Contrary to his declaration, I did not introduce myself as someone who could offer legal expertise. Instead, he was connected to me because he was interested in investing in business ventures that I was engaged in.

8. Contrary to Weinstein's declaration, he did not put me on a monthly retainer to provide him with legal advice. Indeed, under Israeli law, I cannot serve as an attorney without receiving a power of attorney from a client. No such power of attorney existed. Moreover, I was not qualified or equipped to offer legal advice on international regulatory matters or export/import law. We were business partners.

9. In fact, on multiple occasions, he retained legal counsel in the United States to assist us with legal matters related to our business ventures.

10. Contrary to Weinstein's declaration, I never offered legal advice on sales and purchase agreements. I also did not review "patent materials, customer commitments, valuation estimates, and investor and share purchase agreements." I have no legal expertise in those areas and never told Weinstein that I did. We were business partners and I reviewed business documents the same way he did, as a business person. When needed, we sought legal advice from outside lawyers.

11. With regard to the declaration of Aryeh Bromberg, his statements that I was retained to serve as an attorney for Optimus and provided legal advice to Optimus is false.

12. I had very few interactions with Aryeh Bromberg or with Optimus. Funds were wired from Optimus to my accounts at the direction of Mr. Weinstein, but I did not serve as Optimus's lawyer in any capacity. I did not offer legal advice to Mr. Bromberg or anyone else at Optimus. In fact, I helped Mr. Bromberg find legal representation in the United States.

13. This declaration is made for a limited purpose, and I have not stated every fact about my business relationship with Mr. Weinstein and Mr. Bromberg.

Sworn this First Day of May, 2024

_____
Shlomo Erez